UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Vasant Pramukhbhai Patel and Harshilkumar Jayeshkumar Patel, | Case No. 24 C 12143 |
| Plaintiffs, | Honorable Jorge L. Alonso |
| v. | |
| Kristi Noem, Secretary of Homeland Security, *et al.*, | |
| Defendants. | |

**Memorandum Opinion and Order**

For the reasons below, the Court grants Defendants' motion to dismiss (ECF No. 5) and terminates this case.

**Background**

Plaintiffs are Indian citizens who were admitted into the United States on F-1 student visas and have applied for U visas and employment authorization with the United States Citizenship and Immigration Services but have not yet received determinations. (*See* ECF Nos. 1, 6-1.) U visas provide nonimmigrant status for noncitizen victims of serious crime who help law enforcement. *See* 8 U.S.C. § 1101(a)(15)(U). Because only 10,000 U visas can be granted annually, USCIS may grant employment authorization documents ("EADs") and deferred action to petitioners while their petitions are pending if USCIS finds the petitions to be bona fide. *See* 8 U.S.C. § 1184(p).

Plaintiffs petitioned for U visas and applied for EADs in August 2024. After USCIS did not adjudicate their applications for over three months, Plaintiffs sued various federal officials

1

for the delay.[1] Specifically, Plaintiffs brought two claims under the Administrative Procedures Act and a mandamus claim for USCIS's alleged unreasonable delay. Defendants have moved to dismiss Plaintiffs' case on various grounds. (ECF Nos. 5–6.)

Plaintiffs did not timely respond but later moved for leave to file a late response instanter[2]—though they did not attach a copy of their proposed response to their motion. (ECF No. 10.) The Court denies Plaintiffs' request. Plaintiffs still have not provided the Court with their proposed response and have not shown excusable neglect for their failure to file a timely response brief. *See* Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs simply claim that "[d]ue to unforeseen circumstances, Plaintiffs were unable to file their Response by the deadline." They offer no detail about what "unforeseen circumstances" arose and prevented them from timely filing a response. Plaintiffs also claim that they "acted promptly to prepare and submit this Motion [for leave] and the accompanying Response," but no response accompanies their motion.[3]

"The question whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Gravitt v. Mentor Worldwide LLC*, 342 F.R.D. 130, 133 (N.D. Ill. 2022) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)). Allowing Plaintiffs to now file a response months after it was due would impose at least some prejudice on Defendants to file another reply brief and would further delay the Court's consideration and resolution of the motion to dismiss. And even assuming Plaintiffs have acted in good faith, they have not given more than a cursory

---

[1] The Court automatically substitutes the current officials in those positions where appropriate. *See* Fed. R. Civ. P. 25(d).
[2] Confusingly, Plaintiffs' motion is styled on the docket as a "Response" to Defendants' motion to dismiss rather than as a motion.
[3] Instead, Plaintiffs' motion attaches an excerpt of Defendants' memorandum in support of their motion to dismiss.

2

reason for their delay, which is not enough to justify a late response in this case. *See id.* ("The most important factor is the reason for the delay; if the moving party fails to demonstrate . . . some [] good reason for missing the deadline, she cannot establish excusable neglect regardless of how short the delay was or how little it prejudiced the opposing party." (cleaned up)). The Court therefore will not grant Plaintiffs leave to file an untimely response to Defendants' motion to dismiss.

## Discussion

Defendants argue that the Court lacks subject-matter jurisdiction over Plaintiff's EAD-related claims, that venue is improper, and that Plaintiffs fail to state a claim. The Court agrees regarding jurisdiction and venue and therefore does not reach Defendants' other arguments.

### I. Subject-matter jurisdiction over Plaintiff's EAD-related claims

Under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion, other than the granting of relief under section 1158(a) [regarding asylum]." Section 1252(a)(2)(B)(ii) thus is "a jurisdiction-stripping provision." *Bouarfa v. Mayorkas*, 604 U.S. 6, 10 (2024) The subchapter covered by § 1252(a)(2)(b)(ii) is 8 U.S.C. §§ 1151–1382. *See Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010).

The statute authorizing EADs, 8 U.S.C. § 1184(p)(6), falls within this range. And providing EADs under that section is discretionary—the DHS Secretary "*may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6) (emphasis added); *see also Biden v. Texas*, 597 U.S. 785, 802 (2022) ("This Court has repeatedly observed that the word

3

'may' *clearly* connotes discretion." (cleaned up)); *Uranga v. USCIS*, 490 F. Supp. 3d 86, 101 (D.D.C. 2020) ("[W]hile Congress gave the government the authority to issue EAD to those with pending, bona fide U-visa applications, it did not require the agency to determine whether any particular applicant was eligible to receive them. Because it is purely a discretionary decision, the Court does not have jurisdiction to review the Second Cause of Action pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii).").

Because the decision to grant an EAD is at USCIS's discretion, the decision to delay adjudicating an EAD application likewise is discretionary and barred by § 1252(a)(2)(B)(ii). *See Garcia v. USCIS*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024) ("§ 1252(a)(2)(B)(ii) strips the Court of the ability to review not just those ultimate decisions but any action leading to such decisions" and thus "insulates from judicial review the timeline under which that process unfolds." (cleaned up)); *Chaganti v. Chertoff*, No. 08 C 5768, 2008 WL 4663153, at *2 (N.D. Ill. Oct. 16, 2008) ("[T]he Plaintiffs have no jurisdictional basis to institute in this Court a mandamus action to speed up the pace at which the UCIS approves their [EAD] renewal applications."); *but see Barrios Garcia v. U.S. Dep't of Homeland Security*, 25 F.4th 430, 443 (holding that § 1252(a)(2)(B)(ii) does not bar EAD-related claims). The Court therefore lacks jurisdiction to review Plaintiffs' claims regarding USCIS's delay in adjudicating their EAD applications.

## II.     Improper venue

28 U.S.C. § 1391(e), as invoked by Plaintiffs, provides that when defendants are federal officers acting in their official capacities, venue is proper in the federal district in which "the plaintiff resides if no real property is involved in the action." Plaintiffs allege that they reside in this District; Defendants claim that Plaintiffs reside nowhere in the United States, including this

4

District, because they are in the United States on nonimmigrant student visas that prevented them from establishing residence here.

      For venue purposes, "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c). Plaintiffs' temporary visas condition their admission into the United States on their agreement not to establish domicile here but instead to maintain their domicile in India and agree to return there once their visas expire; they therefore are not residents of this District—or anywhere in the United States—for venue purposes. *See Castellon-Contreras v. I.N.S.*, 45 F.3d 149, 153 (7th Cir. 1995); *Dang v. Jaddou*, No. 2:23-CV-07290-MAA, 2024 WL 2501871, at *4 (C.D. Cal. Feb. 16, 2024) ("Because Plaintiff Dao is in the United States temporarily on a nonimmigrant F-1 student visa—the issuance of which was conditioned on her maintenance of a foreign residence she has no intention of abandoning—she cannot establish domicile in this District."); *Topsnik v. United States*, 12 F. Supp. 3d 1, 3 n.2 (D.D.C. 2013) ("[T]he plaintiff is a nonresident alien, and thus he does not legally reside in any judicial district."). Due to Plaintiffs' nonimmigrant status, they cannot establish venue in this District simply because they live here.

      Plaintiffs also allege that this District is a proper venue because Defendants "operate in [the] State of Illinois." Setting aside that Plaintiffs do not allege Defendants operate in this District specifically, their allegations also fail because all Defendants reside in other states and "the mere presence of a regional agency office in a judicial district does not create residency in the district for the purpose of venue analysis. . . . [R]esidency for purposes of venue is fixed by the location of [the relevant agency's] headquarters and offices." *Trout v. Cnty. of Madera*, No. 21-CV-06061-PJH, 2022 WL 2479156, at *7 (N.D. Cal. July 6, 2022), *aff'd*, No. 22-16177, 2023 WL 8592880 (9th Cir. Dec. 12, 2023).

5

Accordingly, Plaintiffs have not established that venue is proper in this District, and the Court dismisses Plaintiffs' claims for improper venue regardless of whether the Court has jurisdiction.[4] *See In re LimitNone, LLC*, 551 F.3d 572, 576–78 (7th Cir. 2008) (authorizing a determination regarding venue before reaching subject-matter jurisdiction).

## Conclusion

The Court denies Plaintiffs' motion for leave to file a late response (ECF No. 10), grants Defendants' motion to dismiss (ECF No. 5), and dismisses this case for lack of jurisdiction and improper venue. Civil case terminated.

**SO ORDERED.**  **ENTERED: May 23, 2025**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[4] Plaintiffs do not ask that their case be transferred to another district rather than dismissed.